IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA
*ex rel.* LESLIE DAVIS and
JOHN D. WESTLEY,

v.  CASE NO. 5:17-cv-81-RH-GRJ

HENNEPIN COUNTY, et al.,

    Defendants.
_____/

## ORDER AND
## REPORT AND RECOMMENDATION

On March 14, 2017, Leslie Davis, a resident of Minnesota, and John Westley, a resident of Panama City, Florida ("Relators") filed under seal a *pro se* Complaint/*Qui Tam* action under the False Claims Act, 31 U.S.C. §§ 3729–33 ("FCA"). ECF No. 1. Relators paid the filing fee on May 11, 2017. ECF No. 5. Relators also move for a temporary restraining order/preliminary injunction restraining Defendants from disposing of "evidentiary records." ECF No. 6. The Court has not ordered issuance of summonses. For the following reasons, it is respectfully recommended that this case be dismissed because Relators are not permitted to bring this case *pro se* on behalf of the United States.

The Complaint stems from the collapse of the 35W Interstate Bridge

in Hennepin County, Minnesota. Relators allege that the Defendants, including Hennepin County, government contractors, and individuals described as state and federal government officials, conspired to "cover up and conceal the liability causes" of the bridge collapse so that "false claims could be made by Hennepin County to obtain Federal disaster relief, Department of Transportation payments, grants, and other stimulus funding from the taxpayer citizens of this District." ECF No. 1 at 4. Relators seek monetary damages and civil penalties on behalf of the United States, as well as compensation for their contribution to the United States' investigation and recovery of funds paid pursuant to Defendants' alleged false claims. ECF No. 1 at 11.

On May 16, 2017, the United States filed a Notice of Election to Decline Intervention, thereby permitting Relators to proceed to litigate the action on behalf of the United States. ECF No. 7; *see* 31 U.S.C. § 3730(b)(2) (providing that the "Government may elect to intervene and proceed with the action within 60 days after it receives both the complaint and the material evidence and information"); 31 U.S.C. § 3730(c)(3) ("If the Government elects not to proceed with the action, the person who initiated the action shall have the right to conduct the action."). Because the United

States has declined to intervene, the seal in this case will be lifted. *See* 31 U.S.C. § 3730(b)(2) (requiring case to remain sealed while the Government determines whether to intervene).

As the Government pointed out in its Notice, Relators filed substantially the same case in the District Court for the District of Minnesota, where the bridge collapse occurred. That case was dismissed because Relators failed to secure legal representation. *See United States of America ex. rel. Leslie Davis, John Westley v. Hennepin County et al.*, Case No. 0:15-cv-2671-RWP-CFB ECF No. 129 (D. Minn. July 8, 2016). The District Court observed that "courts have uniformly held that non-lawyers may not litigate *qui tam* actions on behalf of the United States." *Id*. (citing cases from the Second, Third, Seventh, Ninth, and Eleventh Circuit). The dismissal was summarily affirmed by the Eighth Circuit on November 29, 2016, rehearing was denied, and the mandate issued on January 30, 2017. *Id*. ECF Nos. 150, 151, 152. Relators filed the instant case approximately six weeks later. ECF No. 1.

In dismissing Relator's prior case, the Minnesota District Court specifically cited *Timson v. Sampson*, 518 F.3d 870, 873-74 (11th Cir. 2008) (per curiam). In *Timson*, a case of first impression in this Circuit, the Eleventh Circuit held that a *pro se* relator could not maintain a *qui tam*

action under the FCA because a *pro se* litigant cannot provide "adequate legal representation for the United States' interests, particularly where the United States would be bound by the judgment in future proceedings." *Timson*, 518 F.3d 870 at 874. The Court explained that 28 U.S.C. § 1654, the general provision permitting parties to proceed *pro se*, provides a "personal right that does not extend to the representation of the interest of others," and in a *qui tam* action under the FCA the United States is the real party in interest. *Id*. at 873. Although the FCA is silent as to whether a private individual can bring a *qui tam* suit *pro se*, the Court observed that such silence indicated an intention by Congress that *qui tam* suits be brought in accordance with § 1654 and "'the established procedure which requires that only one licensed to practice law may conduct proceedings in court for anyone other than himself.'" *Id*. at 873-74 (quoting *Stoner v. Santa Clara County Office of Educ.*, 502 F.3d 1116, 1126-28 (9th Cir. 2007)).

*Timson* controls the disposition of this case. Relators are not permitted to bring this *qui tam* FCA case as *pro se* parties. Further, Relators were aware of this proscription from the previous Minnesota case, which relied on controlling authority from this Circuit. For that reason, the undersigned does not recommend that this case be stayed pending any

further efforts by Relators to secure counsel.[1]

Accordingly, it is **ORDERED** that pursuant to 31 U.S.C. § 3730(b)(2) the Clerk must **UNSEAL** this case.

It is respectfully **RECOMMENDED** that the motion for TRO/preliminary injunction, ECF No. 6, should be **DENIED** as moot and this case **DISMISSED** without prejudice because Relators are not represented by counsel.

**IN CHAMBERS** this 23rd day of May 2017.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.

---

[1] The District Court docket in the prior case reflects that Relators represented to the Court that they were seeking representation. No representation was secured. *See* Case No. 0:15-cv-2671-RWP-CFB ECF No. 14, 68.